UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT FORBES,

                                Plaintiff,

        v.

CITY OF ROCHESTER, et al.,

                                Defendants.
_____

**DECISION & ORDER**

21-CV-6465EAW

        Pending before the Court are three motions filed by *pro se* plaintiff Robert Forbes. (Docket ## 17, 21, 25). The first seeks an order compelling defendants to provide Rule 26(a)(1)(A)(ii) document disclosures (Docket # 17); the second seeks appointment of counsel (Docket # 21); and the third seeks an extension of the deadline for completion of discovery (Docket # 25). For the reasons discussed below, plaintiff's motion to compel is denied as moot, his motion to extend the discovery period is granted, and his motion for appointment of counsel is denied without prejudice.

        On June 20, 2023, plaintiff moved for an order to compel defendants to produce mandatory document disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Docket # 17). In his motion, plaintiff represented that attorneys for defendants promised him that they would mail him defendants' Rule 26 document disclosures but never did. (*Id.*). By affirmation dated July 7, 2023, counsel for defendants opposed the motion and affirmed that the documents had been mailed to plaintiff in late December 2022. (Docket # 20). Counsel also represented that defendants would send another copy of the documents to plaintiff by July 15,

2023.  (*Id.* at ¶ 13).  In late August 2023, plaintiff indicated that he still had not received them.  (Docket # 21 at 2).

On October 4, 2023, this Court ordered counsel to submit an affidavit "representing whether – and, if so, how and when – he provided the document disclosures to plaintiff as he promised to do, along with a copy of the cover letter supplying the documents." (Docket # 22).  Two days later, counsel filed an affirmation representing that he had overlooked the promised production and had failed to send the "duplicate" Rule 26 document disclosures, which he filed with the Court that day and sent by overnight mail to plaintiff.  (Docket ## 23, 24).  Plaintiff subsequently affirmed that he received the documents, and review of the docket reveals that they have been filed.  (Docket ## 23, 25).

Without question, defendants' inattention to their obligations and promised undertakings required plaintiff to expend substantial effort – none of which should have been necessary – to obtain the documents.  Moreover, defendants' delinquency caused needless and significant delay in the discovery process.  The documents should have been provided by October 21, 2022 (Docket # 11); instead, they were produced in October 2023 and only after this Court required counsel to submit proof that the documents had been produced.  Although the very belated production moots the pending motion to compel, *see*, *e.g.*, *Yancey v. Pancoe*, 2022 WL 2841917, *1 (W.D.N.Y. 2002) ("[b]ecause defendants served their initial disclosures [after the motion was filed,] any request for an order compelling them to do so is now moot"); *Vega v. Hatfield*, 2011 WL 13128745, *1 (W.D.N.Y. 2011) ("[a]lso pending is [plaintiff's] motion to compel certain discovery responses; [b]ecause defendants represent that they have now produced the requested discovery . . . , [plaintiff's] motion to compel is denied as moot"), this Court will

not hesitate to impose sanctions should the record demonstrate similar inattention in the future. Accordingly, on this record, plaintiff's motion to compel **(Docket # 17)** is **DENIED as moot**.

As stated above, the nearly one-year delay in the production of defendants' mandatory document disclosures has prevented plaintiff from reviewing those important documents and from serving any follow-up discovery requests based upon them. It is only fair that plaintiff be provided the same period of time within which to do that now that he has finally received the documents. Accordingly, his motion for an extension of the discovery deadline **(Docket # 25)** is **GRANTED**, and the new deadline for completion of fact discovery is **May 1, 2024**; motions to compel discovery shall be filed by **May 1, 2024**; any motions for summary judgment shall be filed by no later than **July 1, 2024,** responses by **August 1, 2024,** and replies by **August 15, 2024**. Should either side wish to rely upon expert testimony in support of or opposition to the claims or defenses, such party must notify this Court of that intent by no later than **May 1, 2024** and submit proposed deadlines for expert discovery.

Finally, I turn to plaintiff's motion for appointment of counsel. (Docket # 21). Plaintiff's motion specifically requests that this Court consider appointing David Stern, Esq., "or someone whom [this Court] believes will help plaintiff." (*Id.*). He indicates that he needs an attorney because he is incarcerated, the issues in the case appear complex, and he anticipates having difficulty meeting court-ordered deadlines. (*Id.*). It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time.

As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although plaintiff maintains that he requires the assistance of counsel to assist him to litigate this case, the fact that he is incarcerated does not alone justify appointment of counsel. *See Pierre v. Dep't of Corr. & Cmty. Supervision*, 2023 WL 4407062, *2 (W.D.N.Y. 2023) ("while the [c]ourt recognizes that an incarcerated *pro se* litigant may encounter more difficulties in pursuing his or her case than a *pro se* litigant who is not incarcerated, this, in itself, is not a valid reason for the appointment of counsel"); *McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel). In addition, contrary to plaintiff's view, the legal issues in this case do not appear to be complex. Plaintiff has filed a complaint (Docket # 1) and several motions seeking a variety of relief, including IFP status, appointment of counsel, an order compelling discovery, and an extension of the discovery deadlines (Docket ## 2, 3, 17, 21, 25), demonstrating his ability to litigate on his own behalf and to seek court intervention when he believes it is warranted. Insofar as his request is predicated upon anticipated difficulty complying with court-ordered deadlines, should that occur, he may file a motion with the Court that explains his difficulty and requests a reasonable extension of any of the court-ordered deadlines. Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

On this record, plaintiff's motion for the appointment of counsel **(Docket # 21)** is **DENIED without prejudice** at this time.  It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
November 27, 2023